**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| JASON DEAN BORDEN, | ) | |
| | ) | Case No. 3:20-cv-499 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION**

Plaintiff, a prisoner of the Federal Bureau of Prisons incarcerated in USP McCreary, has filed a pro se complaint seeking a "special writ" for his federal sentence that a United States District Court in the Western District of Kentucky at Bowling Green imposed and/or relief for actions taken in a civil case he filed in the same Court (Doc. 1), a motion for leave to proceed *in forma pauperis* (Doc. 4), a motion to appoint counsel (Doc. 5), and a motion for change of venue seeking to transfer this action to the Eastern District of Kentucky (Doc. 6).

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)–(3). A federal district court may, "in the interest of justice," transfer a civil action to any district or division where it could have been filed originally. 28 U.S.C. § 1406(a).

As set forth above, Plaintiff seeks relief from his sentence imposed by the United States District Court for the Western District of Kentucky at Bowling Green and/or for actions taken in a civil case he filed in the same Court. (*See* Doc. 1.) The Court therefore concludes that the proper venue for this case is the Bowling Green Division of the United States District Court of the Western District of Kentucky and that transfer to that district is in the interest of justice. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Bowling Green Division of the United States District Court for the Western District of Kentucky and to close this Court's file.

    **AN APPROPRIATE JUDGMENT WILL ENTER.**

    */s/ Travis R. McDonough*
    **TRAVIS R. MCDONOUGH**
    **UNITED STATES DISTRICT JUDGE**